## W. H. Roane v. G. T. Ross.

### No. 3141.

1. **Renewal of Note—Limitation.**—"San Felipe, Texas, Oct. 27, '87. I hereby renew the within note, with all interest." Signed by the maker. This indorsement upon a promissory note had the effect of a new promise.

2. **Vendor's Lien Notes.**—Suit upon a promissory note appearing to have been given in part consideration for a tract of land. It did not appear in the petition that other lien notes were outstanding. *Held*, if other notes had been given and were still outstanding, and the defendant wished to take advantage of the fact, he should have pleaded it. The petition was not subject to demurrer.

3. **Failure of Consideration.**—See answer held bad as plea of failure of consideration; (1) as not sworn to, and (2) not disclosing facts showing a failure.

4. **Stipulated Interest Upon Interest.**—A promissory note stipulated that interest (which was payable annually) unpaid should bear interest. The note bore 10 per cent. *Held*, a judgment for the principal and 10 per cent thereon, and for interest at 8 per cent upon unpaid interest which was due, is in accordance with the former rulings of this court.

5. **Lien Note—Specific Performance.**—A suit upon a promissory note for amount due thereon, with prayer for foreclosure of an express lien upon the land reserved in the deed, is in no way a suit for specific performance; notwithstanding the rulings of this court treating a conveyance of land reserving an express lien upon the land as in some respects an executory contract.

Appeal from Waller. Tried below before Hon. W. H. Burkhart. The opinion states the case.

*A. J. Harvey,* for appellant.

*Chesley & Haggerty* and *Reese & Tompkins,* for appellee.

GAINES, ASSOCIATE JUSTICE.—The appellee brought this suit to recover upon a promissory note executed by the appellant, and to enforce a lien upon a tract of land for which the note was given. He alleged in his petition that he was the holder of the note by virtue of an indorsement by the payees. The note matured January 1, 1884, and the suit was not brought until August 22, 1891; but it was alleged in the petition that after its maturity the defendant renewed his liability by signing a writing upon the back thereof, which is as follows:

"SAN FELIPE, TEXAS, Oct. 27, '87.

"I hereby renew the within note, with all interest.

[Signed]   "W. H. $\overset{\text{his}}{\underset{\text{mark}}{\text{X}}}$ ROANE.

"Witness:   W. L. GRAY."

The plaintiff recovered a judgment as prayed for in his petition.

The appellant excepted to the petition, upon the ground that it appeared that there were other notes executed by him at the same time, payable to the same parties, which were secured by a vendor's lien on the same land, and that the holders of such notes should have been made parties or such notes accounted for. The exception was properly overruled. The petition does not show that any other note was given for the land. The copy of the note set out in the petition discloses that it was given for a part of the purchase money of the land, but does not show whether other notes were given or not. If other notes had been given and they were still outstanding, and the defendant wished to take advantage of the fact, he should have pleaded it.

The defendant pleaded, that the payees of the note, his vendors, were never seized of the land for a part of the purchase money of which the note was given; that prior to their sale to him "one T. J. Kerr purchased said land from one T. J. Allcorn, and executed two promissory notes for $1327.50 each, acknowledging the vendor's lien on 177¼ acres of land, of which the land described in plaintiff's petition is a part, to secure the payment of said notes; that said notes have never been paid; and that said vendor's lien is still in existence," etc.

As a plea of failure of consideration this answer is bad for two reasons: first, it is not verified by affidavit; second, it does not show that T. J. Kerr had any title to the land when he sold it, or that defendant's vendors claimed through him. For the same reasons it is bad if its object was to cause the holders of the alleged notes to be brought in as prior incumbrancers. As such it was a plea in abatement, and should have been sworn to.

The note bore interest at the rate of 10 per cent per annum from date, and provided that the interest should be paid annually. The court in its judgment allowed interest at 8 per cent per annum upon each installment of interest as it fell due. This action was in accord-

ance with the previous rulings of this court and the weight of authority elsewhere. Lewis v. Paschal, 37 Texas, 315, and cases there cited; 11 Am. and Eng. Encyc. of Law, 409. Whether the plaintiff should have been permitted to recover 10 per cent per annum interest on the annual interest as it accrued we need not decide.

The appellant also submits a proposition to show a fundamental error. But we think it is based upon a radical misconception of the nature of the action. This was not a suit for specific performance. It can not be tortured into anything but a suit to recover a sum of money and to enforce a lien for its payment. The rule of this court which treats a conveyance of land with an express reservation of a lien to secure the purchase money as in some respects partaking of the nature of an executory contract, does not affect the character of this action.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 18, 1892.