## WICHITA FALLS BUILDING & LOAN ASS'N v. MOSS et ux.

### No. 13099.

Court of Civil Appeals of Texas. Fort Worth.

March 15, 1935.

Rehearing Denied April 12, 1935.

George T. Burgess, of Dallas, and Bert King and Edgar M. Mann, both of Wichita Falls, for appellant.

J. R. Wilson, of Wichita Falls, for appellees.

Tarlton Morrow and Harry C. Weeks, both of Wichita Falls, Geo. T. Burgess, Maco Stewart, and Wm. H. Clark, Jr., all of Dallas, amici curiæ.

BROWN, Justice.

This cause involves the construction of a contract made and entered into between appellee J. R. Moss and Myrtle Moss, husband and wife, and appellant Wichita Falls Building & Loan Association.

The contention on the part of appellees is that the contract is usurious.

The trial was to the court, and the court held the contract to be usurious, and found that appellees had paid the appellant more than the debt they owed, and rendered judgment for such debt against appellant and canceled the two deeds of trust executed by appellees to appellant, one being a renewal instrument.

Appellees pleaded, in substance, that on July 28, 1925, they borrowed from appellant corporation $2,400, and entered into a contract for the purchase from the lender of 36 shares of stock of par value of $100 each, and that to secure the payment of a note executed for the loan and the stock purchase contract, they executed and delivered to the lender a deed of trust lien on the property involved in this suit, which was at the time of the transaction, and still is, the homestead of appellees, and alleged that to secure the payment of appellees' note the lending association retained possession of the stock certificate. That under the contract, appellees agreed to pay appellant association the sum of $18 per month on the 28th day of each month thereafter, and that the association agreed to credit the stock contract with any dividends that might accumulate on the stock, and that when all the payments made on the stock, together with the accrued dividends, equaled the principal sum of the loan, $2,400, plus any unpaid and accrued interest on the loan, then appellees had the right, at their option, to liquidate their note by assigning the stock to the lending association and the lender would be obligated to execute a release of the lien on the property and cancel the indebtedness; that appellees, at the time they borrowed the $2,400 from appellant, executed a promissory note in the principal sum of $2,400, bearing interest at the rate of 10 per cent. per annum, payable monthly in advance, and that the note, as executed, contained such provision; that in the deed of trust it was provided that the interest on the $2,400 note should be 10 per cent. per annum, payable monthly in advance; that is to say, that the interest of $240 a year was payable in monthly installments of $20 in advance, and that appellees paid the first installment of interest provided for in advance, and thereafter, on the installment paying date of each month for a period of 29 months, paid $20 in advance, and likewise for the first 29 months paid $18 each month on the purchase price of the stock in the lending association; that in January, 1928, prior to the payment due in January, the association reduced the amount of the interest which the appellees were to pay on their note to $16.80 per month, which amount was paid thereafter in advance as interest on the note for a period of 43 months, but that the payments on the stock were not reduced and appellees paid for same $18 per month for 43 months. That on July 28, 1931, the appellant association notified appellees that under the contract made between the parties, it desired to exercise its right and credit on the $2,400 all payments that appellees had paid on the stock, together with the accumulated stock dividends, and that such credit at that time amounted to $1,260 in payments, and $193.79 in dividends, and that the appellant association then prepared a new note for the balance claimed to be due, in the sum of $946.21, and required appellees to execute such renewal note and a new deed of trust covering the same property; that under the new note and new deed of trust appellees were required to pay $6.62 per month in advance as interest, and to pay on the new stock certificate for $1,000 par value the sum of $5 per month in advance, and that since the execution of the renewal note and contract for the last purchase of stock, appellees had paid in advance for eleven months $6.62 interest and $5 on the stock purchase, making a total of $127.82 so paid.

Appellees further pleaded the provisions of the first deed of trust executed, and the following paragraph appears in appellees' pleadings: "That by reason of the facts herein before stated the original loan trans-

action of July 28, 1925, was usurious and no interest was due on same in that plaintiff was required to pay as interest on said $2400.00 note more than 10%ǃ per annum interest on said note and was required to pay said interest in advance each month and at all times defendant corporation had the right upon breach by the plaintiffs of any of the covenants or provisions set out in said deed of trust to mature said indebtedness and to declare all of same due and thus compel plaintiffs, if said privileges were exercised, to pay more than 10%ǃ per annum for said loan."

After so pleading, appellees alleged that the original transaction was usurious, in that appellees were required, as a part of the consideration for the loan, to insure the property for an amount equal to the loan, which was an additional expense thereby required, and appellees alleged that the original loan transaction was usurious and that they were entitled to have credited on the $946.21 balance the entire interest paid during the time the original loan transaction was in force, namely, the sum of $1,-302.40, and that appellees at the time of the renewal and extension did not owe the appellant association any sum, but were entitled to recover all sums of money paid on the loan as interest, and that there was a balance due appellees. They further alleged that the original transaction being usurious, the renewal and extension contract was usurious. They further alleged that the original deed of trust was void because the contract provided that the property conveyed therein could be sold upon breach of the covenants shown and that the proceeds from the sale, in the event the property brought more than the amount of the loan, would be applied to the contract for the purchase of the stock, and that therefore the attempted lien, being on appellees' homestead, was unauthorized and illegal in so far as it covered the stock purchase contract. They further alleged that the second deed of trust is void because they owed the lending association nothing when it was made. They prayed for an injunction, enjoining the appellant association from selling the property through a trustee's sale, for a cancellation and annulment of the purported lien against the premises, and for a recovery of the excess claimed to have been paid by them through the payment of usurious interest.

Appellant urged a general demurrer against appellees' petition, pleaded a general denial, and pleaded the facts with reference to the contracts made by appellees with it, and that it was a mutual loan association of which appellees were members.

For a better understanding of the contracts it becomes necessary to describe them rather minutely, which we will attempt to do without copying them in toto.

The first note executed by appellees recites as follows:

"For value received at the maturity on the books of payee of Thirty Six shares of the capital stock of payee, evidenced by Certificate No. 2769, in the name of J. R. Moss the undersigned promise to pay Wichita Falls Building & Loan Association, at Wichita Falls, Texas, the sum of Two thousand Four hundred & No/100 Dollars, with interest thereon from date until paid at the rate of 10 per cent per annum, in equal monthly installments in advance on the 1st day of each month hereafter. * * * Interest on interest hereon not paid when due shall also be paid at the rate of ten per centum per annum from date until paid.

"It is specially agreed that if default shall be made in the payment of any installment of interest hereon, or if any dues or fines on said shares shall remain unpaid when due, and if such default in interest, dues or fines shall continue for thirty days after due date, then at the option of the legal holder hereof, the whole amount of this note then unpaid shall at once become due and payable."

The deed of trust contained the further provisions:

"The hereinafter described loan represents money advanced to us at our request by the Wichita Falls Building and Loan Association for the purpose of taking up and extending one certain mechanic's lien note executed by J. R. Moss et ux. in favor of Emory Morgan for the sum of Two Thousand Four Hundred & No/100 ($2,400.00) Dollars, dated July 28, 1925, and due and payable on demand, with interest at the rate of ten per cent per annum; Said note being fully described in mechanic's lien executed by the said J. R. Moss et ux. to the said Emory Morgan, dated July 28, 1925, and recorded in the mechanic's lien records of Wichita County, Texas; said note being secured by a mechanic's lien against the above described property.

"Said note has been transferred to the Wichita Falls Building and Loan Association and a new note for the sum of Two

Thousand Four Hundred & No/100 ($2,-400.00) Dollars is executed by us in lieu and extension of said above described note, which amount represents the balance due on said original note and which amount is, a just, valid and binding obligation against us which is secured by a valid, unreleased and subsisting lien against said above described property and the Wichita Falls Building and Loan Association is hereby expressly subrogated to all the rights, liens, equities and remedies held by said original owner as security for said original note, which shall remain in full force and effect until final payment of the above described indebtedness and this deed of trust is given and delivered by us as additional and further security for said indebtedness. * * *

"Whereas, we are justly indebted to Wichita Falls Building & Loan Association, of Wichita Falls, Texas, a corporation hereinafter called Association, in the sum of Two Thousand Four Hundred & No/100 ($2,400.00) Dollars, evidenced by one (1) note even date herewith payable to the order of said Association at Wichita Falls, Texas, in gold coin of the United States of the present standard and fineness, at the maturity, on the books of the said Association, of Thirty Six shares of the capital stock thereof, evidenced by certificate No. 2769 in the name of J. R. Moss, together with interest thereon from date until paid at the rate of ten per cent per annum, payable in equal monthly installments in advance on the 1st day of each month hereafter, with ten per cent additional as attorney's fees thereon in case same shall be placed in the hands of an attorney for collection, suit or establishment in any court.

"Now, therefore, if default shall be made in the payment of the principal of the said note or any installment of interest thereon, when due, or in the payment of stock dues or fines upon the said shares of stock when due and any one of said sums shall remain unpaid for thirty days after due, or in case of the breach of any of the agreements and covenants herein mentioned, or in any case herein provided, then, on the application of the legal holder of said note, the said Trustee, or his successor or successors appointed hereunder, is hereby authorized and empowered to sell the property hereby conveyed to the highest bidder for cash at the County Court House door in Wichita County, Texas, on the day and between the hours prescribed by law, and after posting notices of sale for the time and manner and at the places now provided for by law for sales of property under powers contained in Deed of Trust, or, at Trustee's election, after advertising same as now provided by law in such cases; and after said sale, as aforesaid, to execute to the purchaser thereof a good and sufficient deed in law to the property so sold, in fee simple, and to receive the proceeds of said sale and out of the same to pay:

"First: All charges, cost and expense of executing this trust, including a reasonable Trustee's fee of five per cent of the sale price.

"Second: The debt and all sums of money due or to become due hereunder in such priority as the law may warrant.

"Third: The overplus, if any, to J. R. Moss, or legal representatives or assigns on reasonable request."

The deed of trust further provides for insurance on the premises against loss by fire and tornado for the protection of the lender, and provides for the payment of taxes and gives the lender the right to procure the insurance, pay the premium thereon, pay the taxes, and charge such amounts to the borrower.

The deed of trust further provides as follows: "And it is further specially agreed that if default be made in the payment of any principal or interest on said note or in the payment of dues or fines upon said shares of stock, or in the performance of the covenants or agreements herein contained, or any one of them, than at the option of the legal holder of said note, the whole of the debt herein secured shall become due and payable after thirty days from said default, and may be collected by suit or by proceeding hereunder."

Inasmuch as we have concluded that the first note and deed of trust does not evidence a usurious contract, we do not deem it necessary to describe the renewal note and renewal deed of trust.

In Geisberg v. Mutual Building & Loan Ass'n (Tex. Civ. App.) 60 S. W. 478, it is expressly held that a contract which provides for the payment of interest on overdue interest is not usurious. The overdue interest becoming a separate demand and the interest charged upon the same cannot be added to or considered a part of the interest stipulated to be paid upon the principal debt so as to make the contract usurious. The Geisberg Case has been cited with approval for more than thirty

years, and Mr. Justice Greenwood expressly approves it in the case of Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269.

In Bothwell v. Farmers' & Merchants' State Bank of Rusk, 120 Tex. 1, 30 S.W.(2d) 289, 291, 76 A. L. R. 1480, Mr. Justice Greenwood said:

"In Texas the rule sanctioning the reservation of interest in advance at the highest conventional rate for a year or less is too firmly established to be departed from. Of course, the principle is the same whether interest is paid for all or a part of the year before the year's expiration. For, in either event the sum which the borrower may lawfully retain throughout the term of a year is less than the sum originally advanced, on which the interest continues to be computed. More than half a century has elapsed since the court held it was lawful to stipulate for interest at the highest lawful rate payable monthly. Miner v. Paris Exchange Bank, 53 Tex. [559] 560. Among opinions following the Miner Case are Martin v. Land Mortgage Bank, 5 Tex. Civ. App. 167, 23 S. W. 1032, 1035; Webb v. Pahde (Tex. Civ. App.) 43 S. W. 19; Geisberg v. Mutual Building & Loan Association (Tex. Civ. App.) 60 S. W. 478, with writ of error refused; Investment Company v. Grymes, 94 Tex. [609] 615, 63 S. W. 860, 64 S. W. 778; Vela v. Shacklett (Tex. Com. App.) 12 S.W.(2d) 1007, 1008; and Shropshire v. Commerce Farm Credit Company [120 Tex. 400] 30 S.W.(2d) 282 [39 S.W.(2d) 11, 84 A. L. R. 1269], this day decided.

"The court has uniformly decided, and we think rightly on principle no less than on abundant authority, that interest which has already lawfully matured may, together with principal, thereafter bear interest at the highest lawful rate. Mills v. Johnston, 23 Tex. [308] 330; Miner v. Paris Exchange Bank, 53 Tex. [559] 561; Roane v. Ross, 84 Tex. 46, 19 S. W. 339. Chief Justice Gaines demonstrates the soundness of this rule in Crider v. San Antonio Loan Ass'n, 89 Tex. [597] 598–600, 35 S. W. 1047, 1048, when he says:

" 'When the debt falls due the creditor is as much entitled to his interest as to his principal, and if the parties have elected in good faith to provide for the default, and to agree that after maturity the interest shall bear interest, it is a contract for interest upon the forbearance of a new obligation which has accrued, and not a contract for additional interest upon the original principal. The principle is, in effect, recognized by this court in those cases in which we have held that an installment of interest past due becomes principal, and bears interest, without any express stipulation to that effect.' "

We have concluded that the contract before us is not usurious.

Under appellees' contract, they have stipulated to pay the original loan of $2,400, and they are entitled to credit that indebtedness with all of the payments they have made on stock purchased from the appellant association, as well as all dividends, and the appellant association is ready and willing to give all these credits; but after such claims are made, it appears that appellees are still indebted to appellant on the original loan. Having reached the conclusion shown herein, we do not deem it necessary to pass upon the question of any homestead rights.

The judgment of the trial court, making perpetual the injunction heretofore granted enjoining and restraining appellant and its trustee from selling the property conveyed to it to secure appellees' debt, is reversed, and the injunction is dissolved. The judgment of the trial court in favor of appellees and against the appellant in the sum of $468.07 with lawful interest is reversed, and judgment rendered that appellees take nothing against appellant; and that the judgment of the trial court canceling and holding for naught the deeds of trust executed by appellees to appellant to secure their debt is here reversed, and judgment rendered for appellant.

Reversed and rendered.