### GUARANTY STATE BUILDING & LOAN ASS'N v. FARMER et ux.

#### No. 13160.

Court of Civil Appeals of Texas.
Fort Worth.
May 10, 1935.

Rehearing Denied May 31, 1935.

Weeks & Morrow, of Wichita Falls, for appellant.

Davenport & Loftin and J. R. Wilson, all of Wichita Falls, for appellees.

DUNKLIN, Chief Justice.

On October 20, 1926, S. G. Farmer subscribed for 41 shares of capital stock in the Guaranty State Building & Loan Association and at the same time he and his wife, Della Farmer, borrowed from the association the sum of $2675.00, evidenced by their promissory note in that sum. The note reads in part as follows:

"Wichita Falls, Texas,
"20th day of October, A. D. 1926.

"For value received, at the maturity on the books of payee of 41 shares of capital stock of payee, evidenced by certificate No. 1204, in the name of S. G. Farmer, the undersigned promise to pay Guaranty State Building & Loan Association, at Wichita Falls, Texas, the sum of ($2675.00) Twenty six hundred seventy five and no/100 dollars with interest thereon from date at the rate of 10 per cent per annum, in equal monthly installments in advance on the 10th day of each month hereafter, principal and all interest to be paid in gold coin of the United States of the present standard of weight and fineness. Interest on interest hereon not paid when due shall also be paid at the rate of ten per centum per annum from date until paid.

"It is specially agreed that if default shall be made in the payment of any installment of principal or interest hereon or if any dues or fines on said shares shall remain unpaid when due, and if such default in principal or interest, dues or fines shall continue for thirty days after due date, then, at the option of the legal holder hereof, the whole amount of this note then unpaid shall at once become due and payable."

In order to secure the payment of the note, S. G. Farmer and wife executed to the association their deed of trust of the same date, covering certain real estate in the town of Seymour. The deed of trust recites the obligation of the makers to keep the buildings on the property insured against fire loss, the payment of taxes when due, and the following further provision: "And it is further specially agreed that if default be made in the payment of any principal or interest on said note or in the payment of dues or fines upon said shares of stock, or in the performance of the covenants or agreements herein contained, or any one of them, then, at the option of the legal holder of said note, the whole of the debt herein secured shall become due and payable; and may be collected by suit or by proceedings hereunder."

. Following that stipulation, the trustee in the deed of trust was authorized to sell the property as under execution and apply the proceeds, first, to the payment of the expenses of executing the trust; second, to the payment of "the debt and all sums of money due or to become due hereunder in such priority as the law may warrant"; and, third, "the overplus, if any, to us, or legal representatives or assigns on reasonable request."

On October 13, 1927, S. G. Farmer subscribed for five more shares of the capital stock in the corporation and at the same time borrowed from the association $300 evidenced by the promissory note of himself and wife in the same terms as the first note and secured by a deed of trust on the same property with the same stipulations as contained in the first deed of trust. The first note recites that it was given for the purpose of extending and renewing the materialman's lien theretofore executed by Farmer and wife on the same property, and the second note likewise contains a recitation to a like effect.

This suit was instituted by S. G. Farmer and wife against the association on February 6, 1934, to recover the sum of $460.-55, which they alleged they had overpaid on their two notes and also to cancel and annul the two deeds of trust given to secure those notes. The basis of plaintiffs' demands was the claim that the two notes executed by them provided for payment of interest in excess of 10 per cent. per annum and were therefore usurious.

In addition to a general denial, the defendant filed a cross-action to recover the balance due on the notes, principal and interest, according to their terms, and for foreclosure of the mortgage liens given to secure them.

The trial was before the court without a jury, and findings of fact by the trial judge appear in the record before us and show that the defendant building and loan association was duly incorporated in accordance with the provisions of the statutes of the state, together with a history of the entire transactions between the parties, including the payments made upon the two stock subscriptions, the voluntary cancellation of those stock certificates by the association, and credits given on the two notes for the value of the stock, sums paid by the borrower, both on the shares of stock purchased and the interest on the two notes. Two of those findings read as follows:

"XVII. I find from a preponderance of the evidence that under the terms of the $2,675.00 note that the defendant had the right to charge and collect 10% per annum interest on each of the interest payments in event same became delinquent and that under said provision could collect from said plaintiffs or the makers of said note more than 10 per cent per annum as interest on the sum borrowed.

"XVIII. I find from preponderance of the evidence that under the terms of the $300.00 note that the defendant had the right to charge and collect 10% per annum interest on each of the interest payments in event same became delinquent and that under said provision could collect from said plaintiffs or the makers of said note more than 10 per cent per annum as interest on the sum borrowed."

The court then concluded that both notes were tainted with usury, and that all interest payments should be credited on the principals and that those interest payments plus the credits already voluntarily allowed by the association exceeded the aggregate amounts of the principals by the sum of $460. Upon those findings and conclusions the court rendered judgment in favor of plaintiffs against the defendant association in that sum, and also for a cancellation of the two deeds of trust; also denying to the association a recovery on its cross-action against the plaintiffs for the balance due on the note, principal and interest, according to their terms and for foreclosure of the lien evidenced by the two deeds of trust.

As shown by the court's findings, the conclusion reached that the two notes stipulated for usurious interest was by reason of the provision that the installments of interest which were payable monthly in advance at the rate of 10 per cent. per annum should also draw interest at the rate of 10 per cent. from their due dates. That conclusion was erroneous.

In Geisberg v. Mutual Building & Loan Association (Tex. Civ. App.) 60 S. W. 478, 482, the defense of usury was made to the holder of a note for $750 due eight years after date, with interest thereon at the rate of 10 per cent. per annum, payable in equal monthly installments in advance on the third Saturday in each and every month and stipulating that should default be made in the payment of the interest, or any part thereof, for two months, the entire debt may, at the option of the holder, become due and payable. In sup-

port of the defense of usury it was argued that if an interest installment was not paid at its due date, to wit, on the first of the month for which it was given, the same would, by operation of law, draw 6 per cent. interest for the same month and would in reality represent additional interest on the principal of the note for the same month, or an aggregate rate of 16 per cent. In disposing of that contention the court said: "It certainly cannot be held that a contract is usurious simply because under its provisions legal interest might be demanded upon overdue interest agreed to be paid in such contract. In such case the overdue interest becomes a separate interest demand from the principal of the contract, and the interest charged upon it cannot be added to or considered a part of the interest stipulated to be paid upon the principal, so as to make the contract usurious."

A writ of error was denied in that case and it was cited with approval by our Supreme Court in Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W. (2d) 282, 39 S.W.(2d) 11, 84 A. L. R. 1269. In the latter case it was held to be a settled rule in this state that a stipulation for payment of interest in advance for less than a year does not render it usurious.

In Wood v. Continental Savings & Bldg. Ass'n (Tex. Com. App.) 56 S.W.(2d) 641, it appears that the note in controversy stipulated for interest monthly in advance, with interest on those installments from their due date at the rate of 10 per cent. per annum. In that case the Commission of Appeals held that the contract did not stipulate for the payment of more than 10 per cent. interest on the money loaned, and it was there held that a borrowing member of a building and loan association, operating under our statutes, occupied a dual relation of invester in capital stock of the corporation, and also as a borrower from that corporation; and by reason of that relation the contract to purchase shares in the corporation cannot be read into a contract to borrow money and thereby taint it with usury. The same holding was reached in the more recent decision of Hatcher v. Continental Southland Savings & Loan Ass'n, 80 S.W.(2d) 299, opinion by Justice Critz of the Commission of Appeals. In that case the note in controversy stipulated for interest at

the rate of 10 per cent. per annum, payable in equal monthly installments and for interest on past-due interest at the rate of 10 per cent., with a clause for acceleration of the whole debt for default in the payment of any of those sums, which the court held did not render the contract usurious.

To a like effect was the decision of this court in the case of Wichita Falls Building & Loan Association v. Moss, 82 S.W. (2d) 171, decided March 15, 1935, opinion by Justice Brown.

For the errors indicated, the judgment of the trial court is reversed and judgment is here rendered in favor of appellant Guaranty State Building & Loan Association against S. G. Farmer for the balance due on the two notes mentioned above in accordance with their terms, with foreclosure of the mortgage lien indicated by the deeds of trust above mentioned against the property in controversy as against appellees S. G. Farmer and wife, Della Farmer, as prayed for in appellant's cross-action.