Lenox FISHER, Appellant,

v.

**WESTINGHOUSE CREDIT CORPORATION and Admiral Insurance Company, Appellees.**

No. 05–88–00062–CV.

Court of Appeals of Texas, Dallas.

Nov. 7, 1988.

Geoffrey A. Gerard, Claire E. White, Dallas, for appellant.

Jay J. Madrid, Diana T. Fulper, Dallas, for Westinghouse Credit Corp.

Patricia A. Hill, Jerry R. Selinger, John A. Knight, Jr., Dallas, for appellees.

Before ENOCH, C.J., and McKAY [1] and BISSETT [2], JJ.

ENOCH, Chief Justice.

Lenox Fisher appeals from the granting of a motion for summary judgment in favor of Westinghouse Credit Corporation (Westinghouse) and Admiral Insurance Company (Admiral). Fisher sued Westinghouse and Admiral for breach of contract and for committing common law and statutory usury. Fisher asserted that Westinghouse and Admiral charged interest in excess of that provided by contract and in excess of that provided by law. All parties filed for summary judgment. Fisher's motion was denied; Admiral's and Westinghouse's motions were granted. In three of five points of error, Fisher contends that the trial court erred in overruling his second motion for summary judgment because Westinghouse and Admiral charged him a usurious rate of interest, the spreading doctrine is not applicable, and Westinghouse and Admiral failed to prove that they had a bona fide error defense available to them. In the other two points of error, Fisher argues that the trial court erred in not imposing the statutory penalties for usury and that the trial court erred in granting Westinghouse's and Admiral's motion for summary judgment because Westinghouse and Admiral breached the contract with him. Finding merit in only two of these points of error, the judgment is affirmed in part and reversed and the cause remanded in part.

### Fact Statement

Fisher was one of a number of investors in The Ponds Apartments, Limited, a Texas limited partnership. Each investor, including Fisher, executed an installment promissory note in favor of The Ponds. The Ponds then obtained a loan from Westinghouse, giving the investors' notes as security for the loan. As additional security, The Ponds contracted with Admiral which issued a bond in favor of Westinghouse.

Under the terms of Fisher's note, if he defaulted in payment of an installment, the unpaid balance, at the option of the holder,

---

1. The Honorable Connally McKay, Justice, retired, Court of Appeals, Twelfth District of Texas at Tyler, sitting by assignment.

2. The Honorable Gerald T. Bissett, Justice, retired, Court of Appeals, Thirteenth District of Texas at Corpus Christi, sitting by assignment.

could be declared immediately due and payable without notice to or demand on Fisher. The note further provided "interest shall accrue at the highest lawful [sic] after the installment date for any installment obligation not paid when due." In the alternative, if an investor defaulted, the bond allowed Westinghouse to recover the amount in default from Admiral by filing a proof of loss with Admiral and endorsing the defaulted note to Admiral which would then seek collection under the terms of the note. Upon presentment by Westinghouse, Admiral could elect to pay either the amount of the defaulted installment (and be liable to pay all future installments) or the total unpaid amount due under the note.

Fisher failed to timely pay his installment of three months' interest due December 31, 1985. On January 31, 1986, Westinghouse endorsed Fisher's note to Admiral and submitted a proof of loss requesting payment of $5,438.03. This amount consisted of the amount of the unpaid interest installment, $3,357.00, plus a charge of $2,081.03. It is unclear how this charge was calculated.[3] Admiral paid this amount to Westinghouse.

In February, Admiral notified Fisher that it was the holder of his note and that its maturity was being accelerated. However, on March 11, 1986, Westinghouse accepted a payment of $3,357.00 (the amount of the past due installment) from Fisher. Westinghouse reimbursed Admiral in the amount of $3,357.00, and Admiral endorsed Fisher's note back to Westinghouse. On June 9, 1986, Admiral notified Fisher that it had paid $2,081.03 for his account and requested payment of that amount. The letter from Admiral advised Fisher that he could deduct this amount from his next interest payment to Westinghouse under the note. Fisher's attorney wrote to Admiral requesting an explanation of the charge and asserting that, if the charge constituted interest on a late installment, it was clearly usurious. Admiral sent two additional letters to Fisher requesting payment. The letter of October 31, 1986, included a

letter from Westinghouse attempting to explain how the charge was calculated.

Fisher sued Westinghouse and Admiral, asserting common law and statutory usury and breach of the terms of the investor note. Fisher contended that both Westinghouse and Admiral charged usurious interest of $2,081.03 on the past due installment of $3,357.00. Fisher further contended that because the $2,081.03 was calculated on the basis of the accelerated balance, this represented a breach of the provision in the note regarding calculation of interest on past due installments.

Fisher moved for summary judgment on the usury cause of action alone. Westinghouse and Admiral filed cross-motions for summary judgment on the usury and breach of contract actions.

Before discussing the trial court's failure to grant Fisher's motion for summary judgment, we note that Fisher failed to complain on appeal that the trial court erred in granting Westinghouse and Admiral's motions for summary judgment on his cause of action for usury. However, we will construe his first four points of error as complaining of the overruling of his motion as well as the granting of Westinghouse and Admiral's motions on this cause of action. See Butler v. Hide–A–Way Club, Inc., 730 S.W.2d 405, 410 (Tex.App.—Eastland 1987, writ ref'd n.r.e.); TEX.R.APP.P. 74(p).

### Fisher's Motion for Summary Judgment, Usury

Fisher's first four points of error are premised on the contention that the interest charged was usurious. According to Fisher, the trial court erred in overruling his second motion for summary judgment and in not imposing statutory penalties for usury against Westinghouse and Admiral.

The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. City of Houston v. Clear Creek Basin Authori-

---

**3.** It is puzzling to this Court that two businesses, both in the financing industry, could be so

unenlightening on the matter of this interest charge.

*ty,* 589 S.W.2d 671, 678 n. 5 (Tex.1979) (citing *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952)). Under rule 166a of the rules of civil procedure, summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show 1) that there is no genuine issue as to any material fact *and* 2) that the moving party is entitled to judgment as a matter of law. *See McFadden v. American United Life Ins. Co.,* 658 S.W. 2d 147, 148 (Tex.1983); *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970). As the movant, Fisher had the burden to show that he was entitled to prevail on each element of his causes of action. *See Texas International Airlines v. Wits Air Freight,* 608 S.W.2d 828, 829 (Tex.Civ. App.—Dallas 1980, no writ); Hittner, *Summary Judgments in Texas,* 35 BAYLOR L.REV. 207, 224 (1983).

In his motion, Fisher contended that the charge of $2,081.03 was usurious because, even though it began as a proper charge on an accelerated note, it became a usurious late fee charged at a rate of 730% on a $3,357 payment late by 31 days once the note was "un-accelerated." It is Fisher's contention that the most interest he could lawfully be charged is 18.00% on the payment of $3,357. Fisher also states that other usurious charges were made when (1) Westinghouse explained the $2,081.03 charge in a letter of October 13, 1986, to Fisher's attorney, (2) when Admiral told Fisher, in its letter of February 11, 1986, that it had made payments on his behalf to Westinghouse in accordance with the bond, and (3) in three letters of June 9, 1986, July 3, 1986, and October 31, 1986, when Admiral demanded the specific amount of $2,081.03 from Fisher.

 A note is usurious if there is any contingency by which a lender may exact usurious interest under the note. *See Shropshire v. Commerce Farm Credit Co.,* 120 Tex. 400, 30 S.W.2d 282, 285 (1930). A charge is usurious when a rate of interest in excess of the legal rate is invoiced, demanded, or received. *See Danziger v. San Jacinto Savings Association,* 732 S.W.2d 300, 304 (Tex.1987). Article 5069 of the Texas Revised Civil Statutes states, in relevant part:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor three times the amount of usurious interest contracted for, charged, or received such usurious interest being the amount the total interest contracted for, charged or received exceeds the amount of interest allowed by law, and reasonable attorney fees fixed by the court except that in no event shall the amount forfeited be less than Two Thousand Dollars or twenty percent of the principal, whichever is the smaller sum; provided, that there shall be no penalty for any usurious interest which results from an accidental and bona fide error.

TEX.REV.CIV.STAT.ANN. art. 5069–1.06 (Vernon 1987). Fisher does not contend that the note is usurious on its face.

In response to Fisher's motion for summary judgment, Westinghouse contended that under the terms of the note, quoted above, it was entitled to accelerate the note, declare the entire balance due, and calculate interest at the highest lawful rate on this balance.[4] Attached to Westinghouse's response was the affidavit of Kim Hamilton, manager of loan servicing for Westinghouse, which stated that "under the terms of the note and bond, as Westinghouse understood them, a delinquent payment automatically accelerated the unpaid balance of the note in its entirety. The interest was calculated pursuant to the terms of the investor note. Thus, interest accrued at the highest lawful rate on that amount for 31 days...." Admiral also argued, in its response, that the note was accelerated. Admiral incorporated its motion for summary judgment into its response. That motion also points to the affidavit of Hamilton as summary judg-

---

4. Westinghouse incorporates its first response and affidavit into its second response. Both are referred to as its "response."

ment evidence that the note was accelerated. In his brief, Fisher says that he "concedes that this charge [of $2081.03] by Westinghouse, apparently based on the then unpaid principal balance of [the] note, was proper when made inasmuch as Westinghouse could have and apparently did elect to accelerate the note."

If Westinghouse accelerated the note immediately after Fisher's payment was due, the amount of interest which could have been charged by Westinghouse at the highest lawful rate under the terms of the note is the principal balance of $134,250 plus the past due installment of interest, $3,357, totaling $137,607, multiplied by 18.00 % (137,607 × .18 = 25,769.26) divided by 365 days, (24,768.26 divided by 365 = $67.86 per day), multiplied by 31 days, (67.86 × 31 = $2,103.69).[5] $2,103.69 is greater than the $2,081.03 that was charged to Fisher. Therefore, this was not a usurious charge.

It is Fisher's contention that although the $2,081.03 charge was proper under the note due to the fact that the note was accelerated, it became "tainted" when the note was "un-accelerated." Fisher cites no authority for this proposition. We hold that the charge added to Fisher's "account" was proper when made. The interest on the entire balance accrued under the terms of the note during the period the note was accelerated. Fisher may not twist this valid charge and turn it into an usurious one merely because Westinghouse later chose to take the note back from Admiral and allow Fisher to make payments by its terms. This contention is without merit.

We hold that the trial court did not err in denying Fisher's motion for summary judgment as to Westinghouse and Admiral on either the statutory or common law usury causes of action. The note was accelerated, the interest calculated on the accelerated amount was not usurious, and therefore, any demand on this amount was not usurious. Fisher's points of error one through four are overruled.

### Westinghouse's Motion

It is important to note that Westinghouse, in its own motion, failed to allege or prove that the note was accelerated. Westinghouse is not entitled to summary judgment on its motion merely because it successfully negated Fisher's summary judgment proof on Fisher's motion. Nor is Westinghouse entitled to summary judgment because Fisher admitted in his motion that the note was properly accelerated. Each motion must stand or fall on its own merits. *See Villarreal v. Laredo National Bank,* 677 S.W.2d 600, 605 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

Instead, Westinghouse argued (1) that the interest was properly charged at the highest lawful rate by the terms of the note on *various past-due payments* and (2) that the doctrine of spreading applies to spread the $2,081.03 charge over the term

---

**5.** The trial court was authorized to take judicial notice of the interest rate ceilings issued by the Consumer Credit Commission. *See Whitehead Utilities, Inc. v. Emery Financial Corp.,* 697 S.W.2d 460, 462 (Tex.App.–Beaumont 1985, no writ). The ceilings applicable to the closed-end, fixed rate note were the indicated rate ceiling and the quarterly rate ceiling. *See* TEX.REV.CIV.STAT. ANN. art. 5069–1.04(a)(1) and (2)(e) (Vernon Supp.1982) (indicated and quarterly ceilings available for any contract). The monthly ceiling is unavailable since it is applicable only to variable rate accounts. *Id.* (c). The annual ceiling may not be used because it does not apply to closed-end accounts. *Id.* (e).

The indicated ceiling is published in the Texas Register from time to time by the consumer credit commissioner. *Id.* (k)(1). The quarterly ceiling is published in the Texas Register "before the 11th day after the day on which [it is] computed...." *Id.* The monthly ceiling during the period of default from December 31, 1985, to January 4, 1986, was 18.00%. 10 TEX.REG. 4920 (1985); 11 TEX.REG. 72 (1986). The indicated rate ceiling for the same period was 18%. 10 TEX.REG. 4920 (1985); 11 TEX.REG. 72 (1986).

of the note so that it is not usurious. Westinghouse, as movant, had the burden to show the charge was not usurious. *See Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W.2d 165, 167 (Tex. 1987).

The only summary judgment evidence before us on Westinghouse's motion and Fisher's response shows that it is not clear that the $2,081.03 was calculated on the entire balance of the note. The letter of October 13, 1986, from Westinghouse to Fisher's attorney merely states that the $2,081.03 was calculated at the highest lawful rate as allowed by the contract due to the fact that Fisher was in default for not paying his December 31, 1985 payment of $3,357. Westinghouse contended, in its motion, that the $2,081.03 charge was proper under the terms of the note because it was entitled to certain late charges at the highest lawful rate because of periods of default on various payments. Westinghouse argued that because Fisher was a total of 306 days late with several payments, it was entitled to charge late fees totaling more than $2,081.03. However, Westinghouse's summary judgment proof, the Hamilton affidavit, asserts that these various late charges were *not* charged. Therefore, this contention is not supported by the summary judgment evidence and is without merit.

Westinghouse, however, further contends that the spreading doctrine should apply to "spread" the $2,081.03 charge over the term of the underlying note.[6] This contention is without merit. A late fee which is computed as interest on past due interest, accruing daily, and not a one-time charge, is considered a separate agreement to be tested for usury separate from any underlying contract. *Cf. Wichita Falls Building & Loan Ass'n v. Moss,* 82 S.W.2d 171, 175 (Tex.Civ.App.—Fort Worth 1935, writ dism'd) (past due interest may accrue interest at highest lawful rate); *Morgan v. Amarillo National Bank,* 699 S.W.2d 930, 934 (Tex.App.—Amarillo 1985,

no writ) (interest on past due payments may accrue at highest lawful rate and is tested alone for usury). *Cf. also Dixon v. Brooks,* 678 S.W.2d 728, 731 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (single, fixed late charges are to be added on to interest under contract to test for usury). Therefore, although interest could be charged by Westinghouse at the highest lawful rate for the late installment of $3,357, interest collected above that rate would be usurious. *Cf. Wichita Falls,* 82 S.W.2d at 175.

By Fisher's calculations, the most interest he could have lawfully been charged on the late payment is interest at the highest lawful rate, 18.00%, times the "principal" balance due $3,357, times the number of days the payment was past due. In their briefs, the parties differ as to how many days the payment was past due. For the purposes of this opinion, we will assume, as stated by Westinghouse, that the payment was 31 days past due. Thirty-one days of interest on $3,357 at the rate of 18.00% is $49.66. The amount actually charged by Westinghouse, $2,081.03, is more than double this amount. To restate, the "term" of the "loan" to be considered in this case is only the period after the maturity of the $3,357 "loan," while the "loan" of $3,357 was accruing interest at the highest lawful rate. *Cf. Morgan,* 699 S.W.2d at 934.

Westinghouse, based on the summary-judgment evidence that is before us on its motion, has failed to show that there is no question of fact as to whether the charge was usurious or that the charge is not usurious as a matter of law. Therefore, summary judgment in favor of Westinghouse was improper on the usury causes of action.

### Admiral's Motion

Admiral, on the other hand, contended in its motion for summary judgment that the note was accelerated. The motion states that the affidavit of Hamilton shows that the note was accelerated. This fact is con-

---

6. The doctrine of spreading is discussed in *Tanner Development Company v. Ferguson,* 561 S.W.

2d 777 (Tex.1977).

ceded by Fisher in his brief. Therefore, as discussed earlier, the charge was not usurious and did not become usurious when the note was "unaccelerated."

Fisher's argument on appeal is that Admiral charged interest in the amount of $2,081.03 as holder or "under color of authority" as holder of the note. However, whether Admiral was the holder of the note when it asked for the $2,081.03 is not relevant because the charge was not usurious. The trial court properly granted Admiral's motion on the usury causes of action.

### Breach of Contract

■ In his fifth point of error, Fisher contends that the trial court erred in granting Westinghouse's and Admiral's motions for summary judgment because they breached the contract with Fisher by charging him a rate of interest not provided for by the contract. Westinghouse argued that Fisher had not shown that he was damaged by any alleged breach, and therefore, was not entitled to recover. Admiral, in its motion for summary judgment, contended there was no breach of contract.

Westinghouse argues that since Fisher never paid the $2,081.03, he suffered no damages. Westinghouse contends that before Fisher can recover compensatory damages, he must suffer from pecuniary loss as a result of the breach. We hold that Westinghouse has not conclusively proved a complete lack of damages. It is not clear in Westinghouse's case that the charge was proper. If not, then the charge would be above that provided for in the contract, and such a charge would constitute a breach of contract. If there was a breach of contract, Fisher is at least entitled to nominal damages. *Houston Pipe Line Co. v. Oxy Petroleum, Inc.*, 597 S.W.2d 57, 59 (Tex. Civ.App.—Corpus Christi 1980, writ. dism'd); *Atomic Fuel Extraction Corp. v. Estate of Slick*, 386 S.W.2d 180, 190 (Tex. Civ.App.—San Antonio 1964, writ ref'd n.r. e.). Fisher's fifth point of error is sustained as to Westinghouse's motion for summary judgment on the contract cause of action.

Admiral, again, points to the affidavit of Hamilton, attached to Westinghouse's motion, to show that the note was accelerated. The terms of the contract provided that the entire unpaid principal amount of the note became due upon acceleration. Because the note was accelerated, as admitted by Fisher, the charge was proper under the contract. Fisher's fifth point of error is overruled as to Admiral.

The cause is reversed and remanded as to Westinghouse and affirmed as to Admiral.