# NO. 12-17-00183-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: EAST TEXAS MEDICAL* | § | |
| *CENTER AND EAST TEXAS* | | |
| *MEDICAL CENTER REGIONAL* | § | *ORIGINAL PROCEEDING* |
| *HEALTHCARE SYSTEM,* | | |
| *RELATORS* | § | |

## *MEMORANDUM OPINION*

By petition for writ of mandamus, Relators, East Texas Medical Center and East Texas Medical Center Regional Healthcare System (collectively ETMC), challenge a trial court order taking judicial notice of administrative rules promulgated by the Texas Medical Board (TMB).[1] The request for judicial notice was made by the real party in interest, Billy Pierce. We deny the petition.

## BACKGROUND

A TMB order was signed in 2013 disposing of a complaint against Dr. Gary Boyd. That order states that it constitutes a public reprimand and identified numerous terms, conditions, and requirements Boyd must comply with to maintain his medical license. Pierce was treated by Boyd at ETMC in 2014. Asserting that Boyd should not have been allowed to treat him, Pierce contends that Boyd had been placed on probation by the TMB in 2013 and, pursuant to ETMC's bylaws, Boyd's hospital privileges should have been automatically suspended.[2] Pierce sued

---

[1] The Respondent is the Honorable Jack Skeen, Jr., Judge of the 241st Judicial District Court of Smith County, Texas.

[2] The pertinent ETMC bylaw provides that: "Action by the [TMB] revoking or suspending a Practitioner's . . . license or placing Practitioner . . . upon probation shall automatically suspend all Hospital privileges. If placed on probation, the Practitioner's . . . hospital standing shall be evaluated by the Medical Executive Committee of the Medical Staff and appropriate action shall be taken."

ETMC alleging several theories of negligence including "allowing an unprivileged physician to practice medicine at the hospital."[3]

Pierce requested the trial court take judicial notice of Title 22, Section 189.2(18) of the Texas Administrative Code (TAC) and a related provision of the Texas Register. After a hearing, Respondent granted the request, determining as a matter of law that: "A doctor under a Texas Medical Board Order is a probationer." In the order, Respondent stated that "at trial [the court] will instruct the jury to accept this as conclusive."

On the Friday before the Monday trial setting, ETMC filed a petition for writ of mandamus requesting this court to order Respondent to vacate his order granting Pierce's request to take judicial notice. At the same time, ETMC filed an emergency motion for temporary relief asking this court to grant an immediate temporary stay of the trial setting and all proceedings in the trial court. This court granted the motion and stayed the cause pending further orders of this court.

### AVAILABILITY OF MANDAMUS

Ordinarily, mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839-40. The relator has the burden to establish the prerequisites to mandamus. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

**Adequacy of Appellate Remedy**

Mandamus relief from a non-appealable interlocutory order requires the showing of a serious denial of a right for which the remedy by appeal is inadequate. *See United Mexican States v. Ashley*, 556 S.W.2d 784, 785 (Tex. 1977) (orig. proceeding). Whether a remedy is adequate so as to preclude mandamus review depends heavily on the circumstances, and that determination requires a balancing of jurisprudential considerations. *In re Prudential Ins. Co.*

---

[3] Pierce sued other defendants for negligent care and treatment who have settled and are not parties to this proceeding.

*of Am.*, 148 S.W.3d 124, 136-37 (Tex. 2004) (orig. proceeding). Thus, an appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments. *Id*. at 136.

A remedy is not inadequate merely because it may involve more expense or delay than obtaining mandamus relief. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). The requirement that there be no other adequate remedy by law is met when parties are in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (org. proceeding) (per curiam); *Walker*, 827 S.W.2d at 842. Such a danger arises when the appellate court would not be able to cure the trial court's error, when the party's ability to present a viable claim is vitiated, that is, when the party is effectively denied a reasonable opportunity to develop the merits of its case, so that the trial would be a waste of judicial resources, or when the error cannot be made part of the appellate record, making appellate review impossible. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d at 211; *Walker*, 827 S.W.2d at 843-44.

## Applicable Law

Generally, the practice of medicine in Texas is regulated by the Medical Practices Act (the Act) and the provisions of the TAC regarding the TMB. *See* Tex. Occ. Code Ann. §§ 151.001-168.202 (West 2012 & Supp. 2016); 22 Tex. Admin. Code § 161.2 (2006) (Tex. Med. Bd., Purpose and Functions). The Act specifies the disciplinary authority of the board and the methods of discipline. Tex. Occ. Code Ann. §§ 164.001-.206. The TMB regulates the practice of medicine and enforces the Act through the adoption of rules and bylaws. *Id*. §§ 152.001, 153.001(3), (4); 22 Tex. Admin. Code § 161.1(b) (2006) (Tex. Med. Bd., Introduction). State agency rules published in the administrative code and the contents of the Texas Register are to be judicially noticed and are prima facie evidence of the text of the rules and documents and of the fact that they are in effect on and after the date of the notation. Tex. Gov't Code Ann. §§ 2002.022, 2002.054 (West 2016); *see also* Tex. R. Evid. 204.

## Respondent's Order

Respondent took judicial notice of TAC Rules 189.1 and 189.2 in Title 22[4] and the comment to Rule 189.2 found in a 2014 volume of the Texas Register. *See* 22 Tex. Admin. Code § 189.1 (2012) (Tex. Med. Bd., Purpose and Scope); 22 Tex. Admin. Code § 189.2 (2014) (Tex. Med. Bd., Definition); 39 Tex. Reg. 284 (2014) (Tex. Med. Bd., Compliance Program).

---

[4] The order refers to "Chapter 22 of the Texas Administrative Code." The applicable law is Title 22.

Section 189.1 addresses the purpose and scope of Chapter 189, which is entitled "Compliance Program." Specifically, it states that the purposes of the chapter are to establish requirements and responsibilities for a probationer who is under an order or remedial plan of the board and to establish a system of monitoring a probationer's compliance with the terms and conditions of a board order or remedial plan. 22 Tex. Admin. Code § 189.1. Section 189.2 contains twenty-four definitions. *See* 22 Tex. Admin. Code § 189.2. In the order, Respondent determined as a matter of law that "[a] doctor under a Texas Medical Board Order is a probationer." Although there is no reference to a specific definition, this portion of the order restates Rule 189.2(18) which defines the word "probationer" as "[a] licensee who is under an order." 22 Tex. Admin. Code § 189.2(18).

The referenced portion of the Texas Register includes a recitation of a comment by the Texas Medical Association opposing Rule 189.2's definition of a physician licensee under an order as a "probationer," asserting that use of the term inaccurately implies that a "probationer" is a licensee whose license is on probation. The TMB disagreed with the comment, cryptically stating that it had "determined that it is appropriate to refer to a licensee who has been subject to an order as a 'probationer' and has done so since approximately 2002 . . . ." 39 Tex. Reg. 284. Without further illumination, the TMB declined to make the requested revisions. *Id*. It is unclear whether the TMB meant that the rule accurately implies that a probationer is a licensee whose license is on probation or that the TMB did not believe that anyone would be misled by the definition and mistakenly believe that a probationer is a licensee whose license is on probation.

**Analysis**

ETMC asserts that they have no adequate remedy by appeal because the effect of Respondent's order will be prejudicial and irreparable, and the detriment they would suffer by proceeding with trial is outweighed by the benefits of mandamus. They argue that Respondent "ordered, as a matter of law, that any physician under a Texas Medical Board Order is a 'probationer,'" and this effectively affirms Pierce's allegations against ETMC. That is, they assert that Respondent's order constitutes a determination that all TMB orders place the sanctioned physician on probation. ETMC argues that the practical effect of Respondent's order is that ETMC will not be allowed to put on evidence that the TMB order does anything other than put Boyd on probation.

Within the general concept of judicial notice specific rules apply depending on what is being judicially noticed. Significantly, when the court takes judicial notice of adjudicative facts, a party is not required to prove facts the court was authorized to take judicial notice of. *See Watts v. State*, 99 S.W.3d 604, 609-10 (Tex. Crim. App. 2003); *Vahlsing, Inc. v. Mo. Pac. R.R. Co.*, 563 S.W.2d 669, 674 (Tex. Civ. App.−Corpus Christi 1978, no writ); *Tex. Sec. Corp. v. Peters*, 463 S.W.2d 263, 265 (Tex. Civ. App.−Fort Worth 1971, no writ). In contrast, while a trial court can take judicial notice of a file in its court, it cannot take judicial notice of the truth of factual statements and allegations in pleadings and other documents in the file. *Guyton v. Monteau*, 332 S.W.3d 687, 693 (Tex. App.−Houston [14th Dist.] 2011, no pet.); *Tex. Dep't of Pub. Safety v. Claudio*, 133 S.W.3d 630, 633 (Tex. App.−Corpus Christi 2002, no pet.) (op. on reh'g). In those cases, parties are unable to rely solely on judicially noticed material and must admit evidence in support of their positions. *Guyton*, 332 S.W.3d at 693 (held that, in absence of other evidence, judicial notice of court's file could not support trial court's ruling); *Claudio*, 133 S.W.3d at 633 (held that where the court took judicial notice of file but plaintiff offered no evidence in support of his allegations, he has not proven his case).

Similarly, by taking judicial notice of Rule 189.2(18), Respondent has knowledge of the existence of and content of the TMB's definition of "probationer," but judicial notice of the law by the court does not relieve Pierce of the burden to prove his case. *See* TEX. GOV'T CODE ANN. § 2002.054. Unlike taking judicial notice of adjudicative facts, taking judicial notice of a law does not resolve the fact questions arising regarding application of that law to the facts of the case. *See River Oaks Place Council of Co-Owners v. Daly*, 172 S.W.3d 314, 320, 323 (Tex. App.−Corpus Christi 2005, no pet.) (appellate court took judicial notice of federal regulation and considered evidence adduced at trial to determine party never violated the regulation); *Fisher v. Westinghouse Credit Corp.*, 760 S.W.2d 802, 806 (Tex. App.−Dallas 1988, no writ) (held that trial court was authorized to take judicial notice of interest rate ceilings published in Texas Register and applied the rate to evidence of amount due on note to determine that interest charged was not usurious); *Pease v. State ex rel. Sutherland*, 208 S.W. 162, 163 (Tex. Comm'n App. 1919, holding approved) (judicial knowledge of statute establishing the amount of mayor's salary did not relieve plaintiff of the burden of proving that defendant received the salary of the office).

We decline to make the leap in reasoning asserted by ETMC. Rule 189.2(18) says TMB calls doctors under an order "probationers." The rule does not say every doctor sanctioned by TMB is placed on probation, and neither does the Respondent's order. Respondent's taking judicial notice of Rule 189.2(18) does not address the question of whether Boyd was on probation or what evidence will or will not be admissible at trial. Even assuming that whether Boyd was on probation is the issue in this case, Respondent did not state or imply in the order that Boyd was on probation. Merely stating the law does not affirm Pierce's allegations against ETMC.

ETMC also complains that, after stating the definition, Respondent announced his intention to instruct the jury "to accept this as conclusive." ETMC asserts that Respondent's promised jury instruction will improperly influence the jury, constitutes an unlawful comment on the weight of the evidence, and operates to prevent ETMC from presenting a viable defense.

We agree that in some instances a proposed jury instruction can require use of mandamus to prevent irreparable harm. *See In re Adkins*, 70 S.W.3d 384, 389-90 (Tex. App.−Fort Worth 2002, orig. proceeding) (held that jury charge instruction effectively proved plaintiff's cause of action without permitting relators to introduce evidence disputing the elements of plaintiff's case barring any adequate remedy by appeal). This is not such a case. Respondent stated his intention to instruct the jury that the Rule 189.2(18) definition of probationer is "conclusive." Respondent's order does not address fact questions and does not foreclose ETMC's ability to present its defense.

Further, Rule 204 dictates that the court's determination of published agency rules must be treated as a ruling on a question of law. TEX. R. EVID. 204(d). Here, the proposed instruction does not set forth a rule of law that told the jury that liability could not exist. *See Bean v. Baxter Healthcare Corp.*, 965 S.W.2d 656, 664 (Tex. App.−Houston [14th Dist.] 1998, no pet.) (held that court's erroneous instruction was harmless because it instructed jury about a potential situation in which liability will not exist, allowing jury to determine whether those circumstances were applicable to the case before it).

Respondent's order is not outcome determinative. Therefore, ETMC is not in danger of losing substantial rights. *See Walker*, 827 S.W.2d at 842. The alleged error by Respondent is reviewable by appeal, and there is no benefit to the mandamus relief sought by ETMC. *See In re Van Waters & Rogers, Inc.*, 145 S.W.3d at 211.

## DISPOSITION

ETMC's appellate remedy is adequate and ETMC has not shown entitlement to mandamus relief. We *deny* their petition for writ of mandamus and *lift* the stay imposed by this court on June 9, 2017.

**BRIAN HOYLE**
Justice

Opinion delivered October 18, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 18, 2017**

**NO. 12-17-00183-CV**

**EAST TEXAS MEDICAL CENTER AND EAST TEXAS
MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM,**
Relators
v.
**HON. JACK SKEEN, JR.,**
Respondent

**ORIGINAL PROCEEDING**

ON THIS DAY came to be heard the petition for writ of mandamus filed by **EAST TEXAS MEDICAL CENTER AND EAST TEXAS MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM**, who are the relators in Cause No. 16-0853-C, pending on the docket of the 241st District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on June 9, 2017, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is hereby **DENIED**.

It is further ORDERED that all costs of this proceeding are hereby adjudged against Relators, **EAST TEXAS MEDICAL CENTER AND EAST TEXAS MEDICAL CENTER REGIONAL HEALTHCARE SYSTEM**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*